FILED

2025 Jan-24  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARINE MANAGEMENT SERVICES, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.: 2:23-cv-00632-AMM** |
| **ARCHIE LEE SLATER,** | ) ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **ARCHIE LEE SLATER,** | ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.: 2:23-cv-01604-AMM** |
| **MARINE MANAGEMENT SERVICES, INC. and SHELL OFFSHORE, INC.,** | ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER ON MOTION TO AMEND AND MOTION TO STRIKE

These consolidated cases, *Marine Management Services, Inc. v. Archie Lee Slater*, No. 2:23-cv-00632-AMM ("*Marine Management*") and *Archie Lee Slater v. Marine Management Services, Inc. and Shell Offshore, Inc.*, No. 2:23-cv-01604-

AMM ("*Slater*") are before the court on numerous motions. Archie Lee Slater filed motions to amend his second amended complaint, answer, and counterclaim. *Marine Management* Doc. 49 and *Slater* Doc. 66. Marine Management Services, Inc. and Shell Offshore, Inc. filed a motion to strike Mr. Slater's jury demand. *Marine Management* Doc. 45. For the reasons explained below, the motions to amend, *Marine Management* Doc. 49 and *Slater* Doc. 66, are **DENIED** and the motion to strike Mr. Slater's jury demand, *Marine Management* Doc. 45, is **GRANTED**.

## I.    BACKGROUND

This dispute arises from injuries allegedly suffered by Mr. Slater while he was employed by Marine Management as a Seaman. *Marine Management* Doc. 1 ¶ 9. Mr. Slater was "assigned to work as Deck Foreman on the FPSO Turritella, which was a vessel working in the Gulf of Mexico off the coast of Louisiana." *Id*. During a safety drill on February 25, 2022, Mr. Slater suffered injuries to his groin for which he sought medical treatment. *Id*. ¶¶ 10, 11, 12. During the course of his treatment, Mr. Slater complained of back pain. *Id*. ¶ 13.

The parties dispute whether Mr. Slater's back pain was the result of the February 25th incident or a preexisting condition. *Id*. ¶ 6; *Marine Management* Doc. 40 at 12, 14. Marine Management alleges that Mr. Slater "had lower back surgery

on September 15, 2009 . . . and a prior back surgery" and that his back pain predated the February 25th incident. *Marine Management* Doc. 1 ¶ 43 (cleaned up). Mr. Slater "alleges that the sole and proximate cause of his injuries . . . was the negligence and/or failure of the defendant . . . in carrying out their obligations and duties." *Marine Management* Doc. 40 at 12–13.

Marine Management "paid maintenance to Mr. Slater through March 23, 2022, the date he reached Maximum Medical Improvement, and for all medical treatment associated with the reported groin injury." *Marine Management* Doc. 1 ¶ 15. Later in 2022, Mr. Slater requested further maintenance payments, and Marine Management obliged. *Id*. ¶¶ 24, 26, 30, 31.

On May 18, 2023, Marine Management brought a declaratory judgment action seeking a final determination regarding "whether Mr. Slater's alleged back problems arose from an injury or illness while in the service of the FPSO Turritella and whether it has any obligations to pay maintenance and cure." *Id*. ¶¶ 2, 6. Marine Management asserted "admiralty jurisdiction pursuant to 28 U.S.C. ¶ 1333 and Federal Rule of Civil Procedure 9(h)." *Id*. ¶ 1.

One day later, Mr. Slater filed a complaint against Marine Management, Crowley Marine Services, Inc., and Shell Exploration & Production Company in the

United States District Court for the Eastern District of Louisiana. *Slater* Doc. 1. Crowley and Shell Exploration have since been terminated from that lawsuit. Mr. Slater asserted jurisdiction under Title 46 U.S.C. 30104—the Jones Act—and general maritime law of the United States and alleged "negligence and/or failure of the defendant . . . in carrying out their obligations and duties . . . and/or the unseaworthiness of the vessel on which plaintiff was employed." *Id*. at 1, 3. Four days later, Mr. Slater amended his complaint to "designate[] his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure." *Slater* Doc. 4 at 1. On October 18, 2023, Mr. Slater amended his complaint for a second time to add Shell Offshore, Inc. as a defendant. *Slater* Doc. 28 at 3. The basis for jurisdiction, the asserted claims, and the relief sought remained unchanged. *Id*. at 1.

In the interim, Marine Management moved to transfer Mr. Slater's lawsuit to the Northern District of Alabama under the first-filed rule. *Slater* Doc. 9. Over Mr. Slater's objection, the Eastern District of Louisiana transferred the case. *Slater* Docs. 15 and 29. The lawsuits were consolidated on December 18, 2023. *Slater* Doc. 32.

On August 5, 2024, Mr. Slater filed an answer in Marine Management's declaratory judgment action. *Marine Management* Doc. 40. Additionally, Mr. Slater

filed a counterclaim and made Shell Offshore, Inc. a third-party defendant. *Id*. at 10–15. In this counterclaim, Mr. Slater "reallege[d] and reaver[ed] each and every allegation of his original and [] Amended Complaints." *Id*. at 10. Mr. Slater asserted diversity jurisdiction under 28 U.S.C. Section 1332 and invoked "Title 46 U.S.C. 30104 and the general maritime law of the United States." *Id*. The claims asserted in the counterclaim are identical to the claims asserted in the second amended complaint. *Marine Management* Doc. 40; *Slater* Doc. 28. But in the counterclaim, Mr. Slater demanded, for the first time, a "trial by jury on all issues." *Marine Management* Doc. 40 at 15, 17.

On September 6, 2024, Mr. Slater filed a motion for leave to amend to file a third amended complaint as well as an amended answer and counterclaim. *Marine Management* Doc. 49; *Slater* Doc. 66. In substance, the requested amendments are identical—Mr. Slater seeks to "delete the designation of his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure; to assert diversity jurisdiction pursuant to 28 U.S.C. §1332; and to request a trial by jury on all claims." *Marine Management* Doc. 49-1 at 2; *Slater* Doc. 66-1 at 2. Additionally, Mr. Slater seeks "to file an Amended Answer and Counterclaim . . . in order to delete Paragraph I of the counterclaim . . . and to renumber the paragraphs

thereafter." *Marine Management* Doc. 49-1 at 2; *Slater* Doc. 66-1 at 2. Paragraph I of the counterclaim "realleges and reavers each and every allegation of his original and First Amended Complaints." including Mr. Slater's assertion of admiralty jurisdiction. *Marine Management* Doc. 40 at 10; *Slater* Doc. 28 at 1.

Marine Management and Shell Offshore oppose the motion to amend. *Marine Management* Docs. 53 and 54; *Slater* Docs. 70 and 71. Mr. Slater filed a reply. *Marine Management* Doc. 55; *Slater* Doc. 72.

Marine Management and Shell Offshore jointly moved to strike the jury demand in Mr. Slater's counterclaim. *Marine Management* Doc. 45. Mr. Slater filed a response. *Marine Management* Doc. 51. Marine Management and Shell Offshore filed a joint reply. *Marine Management* Doc. 52.

## II.   ANALYSIS

"If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of . . . Rule[] 38(e). . . ." Fed. R. Civ. P. 9(h)(1). Under Rule 38, a right to a jury trial is not created "on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e); *see also Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037

(11th Cir. 1996) ("in all admiralty cases, there is no right to a jury trial"); *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009) (affirming "the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim").

## A. Mr. Slater's Motion To Amend

In his second amended complaint, Mr. Slater "designate[d] his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure." *Slater* Doc. 28 at 1. By doing so, he opted for a bench trial in lieu of a jury trial. *Beiswenger Enters. Corp.*, 86 F.3d at 1037. Mr. Slater proposes to amend his complaint to change the basis of jurisdiction from admiralty to diversity and make a jury demand "because justice so requires." *Marine Management* Doc. 49-1 at 3. Mr. Slater argues that his amendments "are not interposed for any purposes related to undue delay, bad faith or dilatory motive." *Id*. Mr. Slater also argues that "[t]here have been no repeated failure[s] to cure deficiencies by amendments previously allowed[]" and "[t]he amendments are not futile." *Id*. Finally, Mr. Slater argues that "there is no prejudice to the opposing parties by virtue of allowance of the amendments" in part because this court's issuance of the scheduling order was

recent. *Id*. at 4.

Marine Management argues that Mr. Slater engaged in undue delay by waiting seventeen months from the filing of his initial complaint to seek leave to amend the basis of jurisdiction. *Marine Management* Doc. 53 at 4. Marine Management also argues that Mr. Slater had ample opportunity to make amendments within this timeframe, but "repeatedly selected" a bench trial. *Id*. at 5. Finally, Marine Management argues that Mr. Slater lacks a valid reason to amend as he "does not claim something has changed, nor that he has learned anything new, nor that there was a principled reason why he could not have sought a jury in his amended or second amended complaint in Louisiana." *Id*.

After the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (cleaned up).

In *Carruthers*, the Eleventh Circuit "conclude[d] that the district court properly exercised its discretion in denying [plaintiff's] motion" for leave to file a

second amended complaint because plaintiff "offer[ed] no explanation as to why the interests of justice required leave to amend." *Id.* "Nor [did] she offer any explanation as to why she could not have discovered and pled [the contents of the proposed amendment] in her original complaint or in her first amended complaint." *Id.* The court found "that such unexplained tardiness constitutes undue delay." *Id.* Additionally, the court observed that granting plaintiff's motion to amend would have interfered with discovery deadlines, delaying proceedings and prejudicing the defendant. *Id.*

Mr. Slater is similarly situated to the *Carruthers* plaintiff in that (1) his length of delay is undue because he offers no reasons for it and (2) Mr. Slater previously filed three complaints—the original complaint on May 19, 2023, an amended complaint on May 23, 2023, and a second amended complaint on October 18, 2023. *Slater* Docs. 1, 4, and 28. None of these complaints sought to assert diversity jurisdiction or make a jury demand. *See id.* All three complaints invoked admiralty jurisdiction. *See id.* Now, seventeen months after the filing of the original complaint, Mr. Slater seeks to amend the basis for jurisdiction and thus substantive legal rules that goes to the parties' dispute. Mr. Slater provides no explanation why his desired changes were not or could not have been incorporated into earlier amendments.

Neither does he provide an explanation for the sudden change of course sixteen months after the filing of his initial complaint and eleven months after the filing of his second amended complaint. Mr. Slater does not suggest that new facts have been uncovered or unknown circumstances have been discovered. This complete absence of reasons makes Mr. Slater's delay undue. *Carruthers*, 357 F.3d at 1218.

Additionally, Mr. Slater simply urges this court to grant his motion "because justice so requires." *Marine Management* Doc. 49-1 at 3. But this merely parrots the legal standard—it does not provide a reason why justice requires an amendment. Mr. Slater's lack of explanation for his delayed amendment forecloses a finding that justice requires it. Fed. R. Civ. P. 15(a)(2).

Mr. Slater attempts to distinguish himself from the *Carruthers* plaintiff by arguing that his amendment would not interfere with discovery deadlines or prejudice the defendants. *Marine Management* Doc. 49-1 at 4. But the Eleventh Circuit does not require that an amendment delay discovery or prejudice the defendant to be denied. *Carruthers*, 357 F.3d at 1218. Undue prejudice is simply one ground among "numerous grounds" to be considered by the court. *Id*. (cleaned up). Undue delay is also among those grounds. *Id*.

For the same reasons the court denied Mr. Slater's motion to amend his complaint, it denies his materially identical request to amend his answer and counterclaim. *Marine Management* Doc. 49. This request is merely a repackaged attempt by Mr. Slater to disclaim his previous election to proceed under admiralty jurisdiction.

## B. Marine Management and Shell Offshore's Motion To Strike Jury Demand

Marine Management and Shell Offshore move to strike the jury demand in Mr. Slater's counterclaim on the ground that as plaintiff in the declaratory judgment action, Marine Management "elected to proceed under Rule 9(h) in admiralty jurisdiction, foregoing a jury trial on any claims." *Marine Management* Doc. 45 at 1–2. Marine Management and Shell Offshore argue that their election "deprives [Mr.] Slater of the right to a jury trial despite his counterclaim." *Id*. at 2.

Mr. Slater responds that his counterclaim arises under 46 U.S.C. Section 30104—the Jones Act, which provides the complainant with the option to elect a trial by jury. *Marine Management* Doc. 51 at 5. Mr. Slater argues that this right cannot be superseded by Marine Management's invocation of admiralty jurisdiction. *Id*. at 10.

Under controlling precedent, Marine Management's election to proceed under Rule 9(h) in admiralty jurisdiction cuts off any right Mr. Slater may have had to a jury trial. In *St. Paul Fire & Marine Insurance Co.*, the plaintiff sought a declaratory judgment that its insurance policy did not cover a claim and invoked admiralty jurisdiction. 561 F.3d at 1183, 1188. The defendant counterclaimed for breach of contract and demanded a jury trial. *Id*. The district court struck the defendant's jury demand, conducted a bench trial, and found in favor of the plaintiff. *Id*. at 1183. The Eleventh Circuit affirmed, holding that the plaintiff "claimed the special benefits of admiralty procedures, including a non-jury trial, by setting forth why admiralty jurisdiction existed and by designating this action under Rule 9(h) as one brought within that admiralty jurisdiction." *Id*. at 1188. The court reiterated "the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim." *Id*. The court also emphasized that whether an action is brought for a declaratory judgment or for damages, "by electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." *Id*. (cleaned up).

Just so here. When Marine Management filed a declaratory judgment action invoking admiralty jurisdiction, it "claimed the special benefits of admiralty procedures, including a non-jury trial." *Marine Management* Doc. 1 ¶ 1; *St. Paul*, 561 F.3d at 1188. "[B]y electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction," Marine Management precluded Mr. Slater "from invoking the right to trial by jury which may otherwise exist." *St. Paul*, 561 F.3d at 1188 (cleaned up).

Mr. Slater argues that there has been some resistance to *St. Paul* where the counterclaim is brought under a statute that provides the right to a jury trial and pertains to facts different from those asserted by the declaratory judgment. *Marine Management* Doc. 51 at 5–6. But *St. Paul* and its predecessors do not admit these distinctions. *St. Paul*, 561 F.3d at 1188; *Harrison v. Flota Mercante Grancolombiana, S. A.*, 577 F.2d 968, 988 (5th Cir. 1978).

Finally, Mr. Slater argues that the advisory committee notes to Rule 9(h) support an interpretation that would allow a jury trial on his counterclaim. Doc. 51 at 4. The notes explain,

> [m]any claims . . . are cognizable by the district courts whether asserted in admiralty or in a civil action, assuming the existence of a nonmaritime ground of jurisdiction . . . . One of the important procedural consequences is that in

13

> the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial except as provided by statute.
>
> . . . The unified rules must . . . provide some device for preserving the present power of the pleader to determine whether these historically maritime procedures shall be applicable to his claim or not . . . .
>
> . . . [Consequently,] the preferable solution is to allow the pleader who now has power to determine procedural consequences by filing a suit in admiralty to exercise that power under unification, for the limited instances in which procedural differences will remain, by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim."

Fed. R. Civ. P. 9(h), Advisory Committee Note, 39 F.R.D. 69, 75–76 (1966)). Mr. Slater refers to the phrase "in the suit in admiralty there is no right to jury trial *except as provided by statute*" to argue that the Jones Act provides an exception by containing within it a right to a jury trial. Doc. 51 at 4 (cleaned up) (emphasis added). Mr. Slater argues that by invoking the Jones Act, his counterclaims fall under this exception, allowing him to make a jury demand. *Id*. at 4–5.

This court finds that the advisory committee notes prioritize and preserve the power of the plaintiff, not the defendant, to determine procedural consequences. Moreover, accepting Mr. Slater's argument would upend settled case law about a plaintiff's election to waive a jury trial by proceeding under Rule 9(h). *St. Paul*, 561

F.3d at 1188; *Harrison*, 577 F.2d at 988. Absent controlling precedent, this court declines to adopt a contrary interpretation. Accordingly, Mr. Slater may not supplant Marine Management's election to proceed under admiralty jurisdiction without a jury trial by demanding a jury trial in his counterclaim.

## III.    CONCLUSION

For the reasons explained above, Mr. Slater's motions to amend the second amended complaint in the lead case, *Marine Management* Doc. 49, and the member case, *Slater* Doc. 66, are **DENIED**. Marine Management and Shell Offshore's motion to strike jury demand, Doc. 45, is **GRANTED**.

**DONE** and **ORDERED** this 24th day of January, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE